```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                                     Case No. 18-03037-RNO
Norman Edgar White                                                         Chapter 13
        Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1          User: PRadginsk              Page 1 of 2                  Date Rcvd: Oct 22, 2018
                              Form ID: pdf002              Total Noticed: 32


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 24, 2018.
db             +Norman Edgar White,    c/o Norman E. White, II,    7323 Jonestown Road,
                 Harrisburg, PA 17112-3654
5086740        +Chase Card Services,    Correspondence Dept,    PO Box 15298,    Wilmington, DE 19850-5298
5086742        +Citibank/The Home Depot,    Centralized Bankruptcy,    PO Box 790034,    St Louis, MO 63179-0034
5086743        +Colonial Manor Rehab,    970 Colonial Avenue,    York, PA 17403-3498
5086745        +Hampden Physician Associates,    3456 Trindle Road,    Camp Hill, PA 17011-4457
5086746        +KML Law Group PC,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
5086747        +Law Office of Hayt, Hayt &,    123 South Broad Street, Ste 1660,    Philadelphia, PA 19109-1003
5086748        +Memorial Eye,    4100 Linglestown Road,    Harrisburg, PA 17112-6006
5086749        +Norman E. White, II,    7323 JONESTOWN ROAD,    Harrisburg, PA 17112-3654
5086750        +Northstar Location Services, LLC,    PO Box 49,    Bowmansville, NY 14026-0049
5086751        +Northumberland Co Tax Claim,    399 South Fifth Street,    Sunbury, PA 17801-3201
5086737         PA Department of Revenue,    Bureau of Individual Taxes,    Dept 280431,
                 Harrisburg, PA 17128-0431
5086755        +PSERS,   5 North 5th Street,    Harrisburg, PA 17101-1999
5086752        +Pinnacle Medical Services,    c/o Bureau of Account Mgmt,    PO Box 8875,
                 Camp Hill, PA 17001-8875
5086753        +Powell, Inc,    1 Fisher Street,    Halifax, PA 17032-8845
5086754        +Premier Eye Care Group,    92 Tuscarora Street,    Harrisburg, PA 17104-1691
5086756        +Senior Life,    401 Broad Street,    Johnstown, PA 15906-2716
5086757        +Shell/Citi,    PO Box 6497,    Sioux Falls, SD 57117-6497
5086759        +South Central EMS, Inc.,    Billing Office,    PO Box 726,    New Cumberland, PA 17070-0726
5086760        +Tnb-Visa (TV) / Target,    C/O Financial & Retail Services,    PO Box 9475,
                 Minneapolis, MN 55440-9475
5086761        +Urology of Central PA,    c/o Commercial Acceptance,    2300 Gettysburg Road,
                 Camp Hill, PA 17011-7303
5086762        +West Hanover Township Sewer Authori,    7901 Jonestown Road,    Harrisburg, PA 17112-9728
5090578        +West Hanover Township Water and Sewer Authority,    7901 Jonestown Road,
                 Harrisburg, PA 17112-9728

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5086739        +E-mail/Text: bkmailbayview@bayviewloanservicing.com Oct 22 2018 19:18:05
                 Bayview Financial Loan,    Attn: Bankruptcy Dept,    4425 Ponce De Leon Blvd, 5th Fl,
                 Coral Gables, FL 33146-1873
5113722        +E-mail/Text: bkmailbayview@bayviewloanservicing.com Oct 22 2018 19:18:05
                 Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd,    5th Floor, BK Dept,
                 Coral Gables, FL 33146-1837
5086741        +E-mail/Text: bankruptcydpt@mcmcg.com Oct 22 2018 19:17:51     CitiBank, N.A.,
                 c/o Midland Funding,    2365 Northside Drive, Suite 30,    San Diego, CA 92108-2709
5089973         E-mail/Text: mrdiscen@discover.com Oct 22 2018 19:17:25     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5086744        +E-mail/Text: mrdiscen@discover.com Oct 22 2018 19:17:25     Discover Financial,    PO Box 3025,
                 New Albany, OH 43054-3025
5086736         E-mail/Text: cio.bncmail@irs.gov Oct 22 2018 19:17:28     Internal Revenue Service,    POB 7346,
                 Philadelphia, PA 19101-7346
5101837        +E-mail/Text: bankruptcydpt@mcmcg.com Oct 22 2018 19:17:51     Midland Funding LLC,
                 PO Box 2011,    Warren, MI 48090-2011
5087005        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 22 2018 19:26:08
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5086758        +E-mail/Text: nailda@centralcreditaudit.com Oct 22 2018 19:18:18
                 Sollenberger Colon/Rectal Su,    c/o Central Credit Audit,    PO Box 735,
                 Sunbury, PA 17801-0735
                                                                                               TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5086738          Alberta White (deceased)
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
cr*            +West Hanover Township Water and Sewer Authority,    7901 Jonestown Road,
                 Harrisburg, PA 17112-9728
                                                                                  TOTALS: 1, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2018                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 22, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor 1 Norman Edgar White gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
               .com
              James  Warmbrodt   on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company bkgroup@kmllawgroup.com
              Steven P. Miner   on behalf of Creditor   West Hanover Township Water and Sewer Authority
               sminer@daleyzucker.com, aewing@daleyzucker.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                         TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Norman Edgar White

CHAPTER 13
CASE NO.  1:18-bk-03037

☑ ORIGINAL PLAN
___ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**63,250.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/18 | 05/23 | 1,150.00 | 0.00 | 1,150.00 | 63,250.00 |
| 06/23 | 10/23 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $63,250.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| Bayview Financial Loan | Attn: Bankruptcy Dept; 4425 Ponce De Leon Blvd, 5th Fl; Coral Gables, FL 33146 | 5028 | $455.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:18-bk-03037-RNO    Doc 33    Filed 10/24/18    Entered 10/25/18 00:46:59    Desc
Imaged Certificate of Notice    Page 4 of 8

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Bayview Financial Loan | 7803 Sunset Drive Harrisburg, PA 17112 | $40,660.85 | 4.5% | $45,479.58 |
| Dauphin County Tax Claim Bureau | 7803 Sunset Drive Harrisburg, PA 17112 | $1,753.76 | 0% | $1,753.76 |
| West Hanover Township Sewer Authori | 7803 Sunset Drive Harrisburg, PA 17112 | $2,083.80 | 0% | $2,083.80 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☑ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Northumberland Co Tax Claim | 410 South Market Street Mount Carmel, PA 17851 |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

   a. In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c);

   b. $**see 10 below** per hour, with the hourly rate to be adjusted in accordance with the terms of the written

3

fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.
☐ entry of discharge.
☐ closing of case:

7. **DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

4

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:18-bk-03037-RNO   Doc 33   Filed 10/24/18   Entered 10/25/18 00:46:59   Desc
Imaged Certificate of Notice   Page 6 of 8

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2(C). Debtor waives the right to object to these claims after the Plan is confirmed.

2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                                                                    Best Case Bankruptcy

Dated: _____  _____
Gary J. Imblum 42606
Attorney for Debtor

_____
Norman Edgar White
Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 10.